UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| PAT HEWITT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No.  2:22 CV 33 JMB |
| | ) |
| MISSOURI DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on motions to dismiss filed separately by Defendants Missouri Department of Corrections ("MDOC") (ECF No. 10) and Dan Redington ("Redington") (ECF No. 12) (collectively "Defendants") and Plaintiff Pat Hewitt's ("Plaintiff") Motion for Leave to File a First Amended Complaint (ECF No. 19).  Plaintiff has filed separate memorandums in opposition addressing both motions to dismiss, and the issues have been fully briefed.

### I.  Background

This action arises from the death of Joshua Hewitt ("Hewitt"), Plaintiff's son, while confined at the Northeast Correctional Center ("NECC") in Bowling Green, Missouri, a MDOC facility.  Plaintiff brings this action under 42 U.S.C. § 1983, alleging deliberate indifference for failure to protect (Count I) and negligence for failure to protect or intervene (Count II), both against MDOC, Redington, and two unidentified John or Jane Doe #1 and #2 Defendants, correctional officers at NECC.

### II.  Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of

1

the complaint. To survive a motion to dismiss for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court must accept the complaint's factual allegations as true and construe them in the plaintiff's favor, but it is not required to accept the legal conclusions the complaint draws from the facts alleged. Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III.   Discussion

#### A.  Count I: Section 1983 Claim against MDOC

Plaintiff's claim against MDOC is barred by the Eleventh Amendment.[1] Generally, "in the absence of consent a suit in which the State or one of its agencies or departments is named is proscribed by the Eleventh Amendment." Pennhurst State Sch. V. Halderman, 466 U.S. 89, 100 (1984). Section 1983 does not abrogate the Eleventh Amendment immunity of states and their agencies. See Murphy v. State of Arkansas, 127 F.3d 750, 754 (8th Cir. 1987). The Eleventh Amendment bar to suit brought against states and their agencies applies both to suits for damages and suits for injunctive relief. Pennhurst, 465 U.S. at 100-01. Because MDOC is an agency of the State of Missouri, the Eleventh Amendment bars Hewitt's claims against MDOC. See Singletary v. MDOC, 423 F.3d 886, 890 (8th Cir. 2005). Missouri has not consented to suit. Consequently, Plaintiff's § 1983 claim against MDOC is not cognizable, and MDOC is entitled to be dismissed from the suit.

#### B.  Count I: Section 1983 Claim against Redington

---

[1] As noted by MDOC, Plaintiff concedes that the § 1983 claim against MDOC is barred by the Eleventh Amendment. (ECF No. 14 at 1)

2

Plaintiff brings his § 1983 claim under the Eighth Amendment against Redington as the Warden of NECC.  "The Eighth Amendment requires prison officials to take reasonable measures to guarantee inmate safety by protecting them from attacks by other prisoners."  Patterson v. Kelley, 902 F.3d 845, 851 (8th Cir. 2018) (internal quotation marks and citations omitted). However, a constitutional claim does not lie every time one inmate attacks another.  "Rather, prison officials violate the Eighth Amendment only when they exhibit deliberate or callous indifference to an inmate's safety."  Id. (internal quotation marks and citations omitted).

In his Complaint, Plaintiff alleges that "Defendants are vicariously and individually liable for the tortious conduct of its employees, servants, and agents, including but not limited to Defendants Dan Redington, John or Jane Doe #1, and John or Jane Doe #2."  (ECF No. 1 at 3) Plaintiff further alleges that "[a]t the time of the attack, Defendants had a system of policies and rules that were intended to have checks of all inmates to ensure that there would never be enough time that an inmate would be alone to allow for someone to be assaulted to the point of death.  As a direct and proximate result of the negligence, carelessness, and deliberate indifference of Defendants, Plaintiff's son was caused to suffer severe and painful injuries that ultimately led to his untimely death."  (ECF No. 1 at 4)

Redington moves to dismiss Plaintiff's § 1983 claim because the Complaint is devoid of factual allegations showing that he was either personally involved or deliberately indifferent to the alleged constitutional violations.  Redington also argues that the Complaint fails to set forth any factual allegations showing that he established or condoned an official policy or custom violative of Hewitt's constitutional rights.

The standard used to determine liability for failure to train is deliberate indifference. Brockinton v. City of Sherwood, Ark., 503 F.3d 667, 673 (8th Cir. 2007).  To prevail on his claim,

3

Plaintiff must prove that Redington had notice that the procedures were inadequate and likely to result in a violation of his constitutional rights.  See Blair v. Bowersox, 929 F.3d 981, 988 (8th Cir. 2019); Jennings v. Wentzville R-IV Sch. Dist., 397 F.3d 1118, 1122 (8th Cir. 2005); see also Rogers v. King, 885 F.3d 1118, 1122 (8th Cir. 2018) ("A supervisor may be liable under § 1983 if he (1) received notice of a pattern of unconstitutional acts committed by a subordinate, and (2) was deliberately indifferent to or authorized those acts.").  A plaintiff must also show that the failure to train or supervise actually caused the injury.  Moore v. City of Desloge, Mo., 647 F.3d 841, 849 (8th Cir. 2011).  "In contrast to negligence, deliberate indifference requires a highly culpable state of mind approaching actual intent."  Kulkay v. Roy, 847 F.3d 637, 643 (8th Cir. 2017) (internal quotation omitted).  The official's state of mind is measured according to his knowledge at the time of the incident, without the benefit of hindsight.  Blair, 929 F.3d at 988.

The Court finds, that, in the Complaint, Plaintiff fails to allege sufficient facts to support a claim against Redington.  Plaintiff has not alleged any facts showing that Redington had knowledge of a substantial risk of serious harm to Joshua Hewitt, or was aware of a pattern of unconstitutional acts committed by subordinates.  Likewise, the Complaint is devoid of any allegations about Redington knowing that Hewitt needed to be protected from fellow prisoners, or that such event had happened before.  The Complaint contains a single episode of an inmate orchestrated distraction to enable fellow prisoners to beat Hewitt.  Even if Hewitt had voiced concerns to Redington about a possible beating by fellow prisoners, there are no allegations who Hewitt's enemies in the general population may have been.  A prison official does not necessarily act with deliberate indifference by failing to place an inmate "in protective custody based on his general fear for his safety."  Robinson v. Cavanaugh, 20 F.3d 892, 895 (8th Cir. 1994) (per curiam); see also Davis v. Scott, 94 F.3d 444 (8th Cir. 1996) (holding that the plaintiff expressing fear that

4

someone in the prison's general population would attack him and his "vague and unsubstantiated" statements that he had enemies in the general population did not make his placement in general population deliberately indifferent). Here, Plaintiff has asserted no facts showing a causal link between any action by Redington and the deprivation of Hewitt's constitutional rights. See Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) ("[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."). Accordingly, the Court will grant his motion to dismiss inasmuch as the deliberate indifference claim against Redington does not allege facts to support his personal responsibility. See Frederick v. Motsinger, 873 F.3d 641, 646 (8th Cir. 2017) (finding liability in a § 1983 case is personal and for own misconduct).[2]

### C. Count II: Negligence

The sole basis for the Court's jurisdiction over Plaintiff's remaining state-law claim is 28 U.S.C. § 1367(a), which permits a district court to exercise supplemental jurisdiction over claims that are a part of the same controversy as the claims that fall within the district court's original jurisdiction. Under 28 U.S.C. § 1367(c)(3), the Court may, in its discretion, decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." See Zutz v. Nelson, 660 F.3d 346, 359 (8th Cir. 2011). In determining whether to exercise supplemental jurisdiction, the Court considers judicial efficiency, convenience, and fairness to litigators. See Candor Corp. v. City of St. Paul,. 912 F.2d 215, 221 (8th Cir. 1990). "[W]hen federal claims are dismissed before trial, the normal practice is to dismiss

---

[2] Redington is only mentioned three times in the Complaint: once in the caption, once in the parties' section, and then in the negligence count. See Krych v. Hvass, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (agreeing with district court dismissal of defendants who were merely listed in his complaint, and who were not alleged to have personally involved in the constitutional violations.).

5

pendent [state law] claims." Stokes v. Lokken, 633 F.2d 779, 785 (8th Cir. 1981), overruled on other grounds by Pinter v. Dahl, 486 U.S. 622 (1988); ACLU v. City of Florissant, 186 F.3d 1095, 1098-99 (8th Cir. 1999) ("[S]tate law claims are typically dismissed without prejudice to avoid needless decisions of state law … as a matter of comity.") (internal quotation omitted).  Courts should "exercise judicial restraint and avoid state law issues whenever possible."  Thomas v. Dickel, 213 F.3d 1023, 1026 (8th Cir. 2000).  The relevant factors typically point toward declining to exercise supplemental jurisdiction.  Carnegie-Mellon Univ. v. Cahill, 484 U.S. 343, 350 n.7 (1988).  Accordingly, the Court declines to exercise supplemental jurisdiction over the state-law claim in Count II.

### D.  Motion for Leave to File First Amended Complaint

After filing his responses in opposition to the motions to dismiss, Plaintiff filed a Motion for Leave to File First Amended Complaint (ECF No. 19).  Under the Federal Rules of Civil Procedure, the Court should freely grant leave to amend when justice so requires.  Fed. R. Civ. P. 15(a)(2).  However, amendment is properly denied when allowing it would be futile because the proposed amended complaint cannot withstand initial review under 28 U.S.C. § 1915(e)(2).  See Baptist Health v. Smith, 477 F.3d 540, 544 (8th Cir. 2007) (stating that "there is no absolute right to amend" and that a court may deny a motion to amend for multiple reasons including a finding of futility); Holloway v. Dobbs, 715 F.2d 390, 392 (8th Cir. 1983) (finding district court justified in denying plaintiff leave to amend because the "complaint, as amended, could not withstand a motion to dismiss.").  See, e.g., Coleman v. Ramada Hotel Operating Co., 933 F.2d 470, 473 (7th Cir. 1991) ("Although the federal rules generally favor a liberal amendment policy, justice does not demand that [a party] be given leave to append frivolous or repetitive allegations to [his or] her complaint at any stage in the proceedings.").

A careful review of the proposed amended complaint shows that allowing leave to amend would be futile, as the claims set forth in the proposed amended complaint would not survive a subsequent motion to dismiss as to Defendants.  Plaintiff has not alleged any facts showing that Redington had knowledge of a substantial risk of serious harm to Hewitt.  The Complaint is devoid of any allegations about Redington knowing that Hewitt needed to be protected from fellow prisoners, or that such event had happened before.  The Complaint contains a single episode of an inmate orchestrated distraction to enable fellow prisoners to beat Hewitt but fails to contain any allegations showing that Redington know of the risk to Hewitt, or that such a beat down had happened before.  The Court finds that granting leave to amend would be futile, as the claims set forth in the proposed amended complaint would not survive a subsequent motion to dismiss.

E.  **Defendants John or Jane Doe #1 and #2**

After granting MDOC and Redington's motions to dismiss, Defendants John or Jane Doe #1 and #2 remain the only defendants in this action.  In this case, Plaintiff alleges that his son was brutally assaulted by another inmate while confined at NECC.  (ECF No. 1 at 1)  Plaintiff alleges that Defendants John or Jane Doe #1 and #2 were correctional officers in charge of monitoring Hewitt and his cell on the night of the incident.  (Id. at 3)

In general, it is impermissible to name fictitious parties as defendants.  Phelps v. U.S. Fed. Gov't, 15 F.3d 735 (8th Cir.) cert. denied, 511 U.S. 1114 (1994). "[A]n action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery."  Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (quoting Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985)). "If discovery identifies other persons who should be named as defendants, it will be simple enough for plaintiff to add them by amendment, after properly securing leave of court."

7

Id.  In such a case, rather than dismissing a claim, a court should order the disclosure of the John Doe party's identity by other defendants named and served, or permit the plaintiff to identify the person through discovery.  Munz, 758 F.2d at 1257.  Because Defendants John or Jane Doe #1 and #2 have been identified with some specificity, the Court will allow Plaintiff time for discovery in order to identify the names of these Defendants.

The Court will order Plaintiff to file an amended complaint within forty-five (45) days of the date of this Order naming all Defendants previously identified as Defendants John or Jane Doe #1 and #2.  If Plaintiff fails to timely comply with this Order, his claims against Defendants John or Jane Doe #1 and #2 will be dismissed without prejudice.  Accordingly,

**IT IS HEREBY ORDERED** that Defendants Missouri Department of Corrections and Dan Redington's Motions to Dismiss (ECF Nos. 10 and 12) are GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File a First Amended Complaint (ECF No. 19) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff is GRANTED leave to conduct discovery prior to the Rule 16 Scheduling Conference.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint within forty-five days of the date of this Order naming the defendants previously named as John or Jane Doe #1 and #2.

An Order of partial dismissal shall accompany this Memorandum and Order.

Dated this 8th day of November, 2022.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE