UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAT HEWITT, | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 2:22 CV 33 JMB ) |
| CHANDLER FLOWERS and RANDY FARRAH, | ) ) ) ) |
|     Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants Chandler Flowers and Randy Farrah's Motions to Dismiss (Docs. 42 and 49). Plaintiff filed responses in opposition (Docs. 52 and 53) to which Defendants replied (Docs. 54 and 55). For the reasons set forth below, the Motions are **GRANTED in part**.

**I.      Background**

Plaintiff Pat Hewitt (hereinafter "Plaintiff") filed suit against Defendants on behalf of Joshua Hewitt (hereinafter "Joshua") who was incarcerated at the Northeast Correctional Center in Bowling Green, Missouri. Plaintiff alleges that on January 8, 2022, Joshua was allegedly beaten to death by inmate Elijah Kent, who, in concert with inmate Matthew Marshall, "orchestrated [a] disturbance" to distract prison guards during the "beat down."

In his First Amended Complaint (Doc. 33), Plaintiff alleges the following, which are taken as true for current purposes: During the relevant time period, Defendant Chandler Flowers was a correctional officer who was "in charge of monitoring Joshua and his cell on the night of the incident." (Id. ¶ 11). Defendant Randy Farrah also was a correctional officer who was "in charge of supervising Defendant Flowers on the night of the incident." (Id. ¶ 12). At 8:35 p.m., inmate

Kent beat Joshua for 40 minutes, at which point he was observed by Defendant Flowers at either 9:16 p.m. or 9:26 p.m. (Id. ¶¶ 21-22). Six hours after the assault began, Joshua was transported to a hospital where he was pronounced dead on January 10, 2022 due to the injuries suffered from the beating (Id. ¶ 25).

During the beating, Flowers and Farrah failed to follow jail policies requiring them to monitor the inmates, respond to inmate violence in a timely manner, patrol their assigned area, and complete security checks, among other things (Id. ¶¶ 27, 28). Specifically, Flowers failed to "patrol his assigned wing" (Id. ¶ 28) and Farrah failed to adequately monitor communication equipment and was instead surfing the web (Id. ¶¶ 30-31). Each Defendant knew that both Kent and Marshall had "conduct violations"; Kent had over one hundred with two violations for assault and one for possessing dangerous contraband, and Marshall had fifty-four with two for assault and five for fighting. (Id. ¶¶ 18-19, 36). After the incident, both Flowers and Farrah were found to have violated institutional policies and were found to have failed to perform their duties (Id. ¶¶ 29, 31).

In Count I, Plaintiff alleges 42 U.S.C. § 1983 claims pursuant to the Eighth and Fourteenth Amendments that Defendants failed to perform their duties and were deliberately indifferent to his safety.[1] In Count II, Plaintiff alleges a negligence claim, stating that Defendants were negligent in the performance of ministerial duties.

## II.    Standard

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

---

[1] There is no claim that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim for relief "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (quoting Twombly, 550 U.S. at 555 & n.3).  This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief.  Id. at 555-56; Fed. R. Civ. P. Rule 8(a)(2).  However, the principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions.  Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Plaintiff initially states that "Defendant's motion should more aptly be titled a 'Motion for Summary Judgment'" but does not state why the motion should be converted to such a motion pursuant to Federal Rule of Civil Procedure 12(d) (Doc. 52, p. 1, Doc. 53, p. 1).[2]  The Court has not considered any factual material outside of the pleadings.  Therefore, the Motions will not be converted into motions for summary judgment.

---

[2] Attached to Defendant Flowers' memorandum in support is a copy of "Post Orders" for the "Housing Unit Wing Officer" (Doc. 43-1).  In ruling on a motion to dismiss, the Court may consider "documents attached to the complaint and matter of public and administrative record referenced in the complaint."  Owen v. General Motors Corp., 533 F.3d 913, 918 (8th Cir. 2008).  While the Post Orders were not attached to the complaint, they are referenced therein and in Plaintiff's response; thus, the Court may consider the document.  However, consideration of the documents is not necessary to rule on Defendants' Motions and has not been considered by the Court.

**III.    Discussion**

Plaintiff alleges that Defendants failed to protect him from violent inmates and that they violated his right to equal protection (Doc. 33, ¶ 33).  As to Plaintiff's Fourteenth Amendment claim, Defendants point out that Plaintiff has not and cannot assert a stand-alone due process claim. See Graham v. Connor, 490 U.S. 386, 394 (1989).  Plaintiff does not elaborate on any equal protection claim and has not responded to Defendants' arguments.  As such, the Court understands Plaintiff's citation to the Fourteenth Amendment as merely a vehicle through which the Eighth Amendment applies to state actors.  See, e.g., Timbs v. Indiana, __ U.S. __, 139 S.Ct. 682 (2019).

Prison officials have an Eighth Amendment obligation to "take reasonable measures to guarantee the safety of inmates," including the duty to protect inmates from violence from other inmates.  Irving v. Dormire, 519 F.3d 441, 450-451 (8th Cir. 2008) (citation and quotation marks omitted); Hodges v. Dep't of Corrections, 61 F.4th 588, 591-592 (8th Cir. 2023).  Defendants are not liable, however, "every time one inmate attacks another." Patterson v. Kelley, 902 F.3d 845, 851 (8th Cir. 2018).  Therefore, in order to plead a plausible failure to protect claim, a prisoner must allege facts suggesting that: (1) objectively, "there was a substantial risk of harm to the inmate," and (2) subjectively, the defendant "was deliberately indifferent to that risk."  Axelson v. Watson, 999 F.3d 541, 546 (8th Cir. 2021).  A defendant is deliberately indifferent if he "recklessly disregarded a known, excessive risk of serious harm to" the inmate's safety.  Pagels v. Morrison, 335 F.3d 736, 740 (8th Cir. 2003); Hodges, 61 F.4th at 592 ("An official is deliberately indifferently only if he actually knows of the substantial risk and fails to respond reasonably to it.").

The allegations in the Complaint do not provide any facts suggesting there was, objectively, a substantial risk that Plaintiff would be attacked by other inmates or that Defendants subjectively knew of but deliberately disregarded that risk.  There is no allegation that Joshua was particularly

susceptible to attack from the other inmates or that he requested protective custody. See, e.g., Young v. Selk, 508 F.3d 868 (8th Cir. 2007). While Plaintiff states that Kent and Marshall had conduct violations, there is no allegation that they were "particularly volatile," "easily offended and enraged," or "willing to attack." Id. 873. Put another way, the mere fact that these offenders had conduct violations, a few of which were related to violence, would not inform Defendants that they would attack Joshua. See Jackson v. Everett, 140 F.3d 1149, 1152 (8th Cir. 1998). There is no indication that Joshua had been previously threatened by these two inmates or those affiliated with them or indeed that the risk of harm was obvious notwithstanding the orchestrated diversion – which instead would indicate that the risk was not obvious. See Vandevender v. Sass, 970 F.3d 972, 976 (8th Cir .2020). There is no suggestion that these actions – a diversion and a beat down – were committed in the past at the prison or were a pervasive pattern of inmate violence. Instead, the First Amended Complaint only plausibly alleges that the attack was an "unprovoked assault" that was a "single isolated incident." Id. at 977.

There also is no allegation that would suggest that Defendants were aware of a substantial risk and failed to respond appropriately. Instead, the First Amended Complaint states that neither Defendant was aware of the beating at all and that once Flowers was aware, he stopped the attack, albeit too late. Jackson, 140 F.3d at 1152 ("This element of deliberate indifference must be viewed from Everett's perspective at the time in question, not with hindsight's perfect vision."). Plaintiff nonetheless alleges that they *should have* been aware had they been performing their duties. However, "'an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.'" Blair v. Bowersox, 929 F.3d 981, 988-989 (8th Cir. 2019) (quoting Farmer v. Brennan, 511 U.S. 825, 838 (1970)). Moreover, "We have repeatedly held that violations of prison

policy or regulations alone are not enough to establish deliberate indifference under the Eighth Amendment." Vandevender, 970 F.3d at 978.  At most, Plaintiff has alleged that Joshua was incarcerated with violent inmates, that he was targeted by two such inmates, that he was beaten, and that the two officers on duty failed to appreciate the danger or intervene because they were derelict in their duties and/or distracted by another commotion and failed to follow jail policies. Such facts, while certainly tragic, do not state a failure to protect claim.

Defendants' Motions to Dismiss are based on qualified immunity.  "Qualified immunity shields a government official from suit under § 1983 if his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Kelsay v. Ernst, 933 F.3d 975, 979 (8th Cir. 2019) (citations omitted).  "Qualified immunity analysis requires a two-step inquiry: (1) whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right, and (2) whether that right was clearly established at the time of the defendant's alleged misconduct." Morgan v. Robinson, 920 F.3d 521, 523 (8th Cir. 2019) (quotation marks and citations omitted).  The doctrine "protects all but the plainly incompetent or those who knowingly violate the law." City of Tahlequah, Oklahoma v. Bond, __ U.S. __, 142 S.Ct. 9, 11, (2021).

A right is clearly established when it is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" Rivas-Villegas v. Cortesluna, __ U.S. __, 142 S.Ct. 4, 7 (2021) (per curiam) (citation omitted).  Although a direct case on point is not required, "existing precedent must have placed the statutory or constitutional question beyond debate." Id.  In other words, "[i]t is not enough that a rule be suggested by then-existing precedent; the rule's contours must be so well defined that it is clear to a reasonable officer that his conduct was unlawful in the situation he confronted." City of Tahlequah, Oklahoma, 142 S.Ct.

at 11 (considering a Fourth Amendment excessive force claim).  Qualified immunity is immunity from suit and "it is effectively lost if a case is erroneously permitted to go to trial" and should be determined "at the earliest possible stage of litigation." Pearson v. Callahan, 555 U.S. 223, 231-232 (2009) (citation and quotation marks omitted)).  When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate a violation of his constitutional right and that the right was clearly established at the time.  Kuessner v. Wooten, 987 F.3d 752, 755 (8th Cir. 2021); Snider v. City of Cape Girardeau, 752 F.3d 1149, 1155 (8th Cir. 2014).

As set forth above, Plaintiff has not plausibly alleged that Defendants' actions constituted failure to protect in violation of the Eighth Amendment and Defendants are accordingly entitled to qualified immunity.  See Vandevender, 970 F.3d at 975-976.  The crux of Plaintiff's argument in response is that prisons are dangerous places and that guards are deliberately indifferent if they leave inmates "unwatched and unguarded for [a] substantial period of time" because it would "likely lead to inmate-on-inmate violence" (Doc. 52, p. 8).  Plaintiff has cited to no case authority setting forth this rule of law; nor has the Court found any controlling authority.  Instead, as pointed out by Defendants, "[a]n inmate's history of violence alone is insufficient to impute to prison official's subjective knowledge of the inmate's danger to harm other inmates," especially as in this case where Defendants had no knowledge, let alone specific knowledge, the Joshua was at risk or that he was at risk from Kent and Marshall.  Holden v. Hirner, 663 F.3d 336, 341-342 (8th Cir. 2011).  At most, Plaintiff set forth facts demonstrating that Defendants may have been negligent; a showing of negligence, however, is insufficient to state a constitutional violation.  Kulkay v. Roy, 847 F.3d 637, 643 (8th Cir. 2017) ("This court has repeatedly held mere negligence or inadvertence does not rise to the level of deliberate indifference.").

In light of this conclusion, this Court declines to exercise supplement jurisdiction over Plaintiff's state law claim. 28 U.S.C. § 1367(c)(3); <u>Gibson v. Walker</u>, 433 F.3d 642, 647 (8th Cir. 2006) ("Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state law claims when all federal claims have been dismissed."). That claim will be dismissed without prejudice.

**IV.    Conclusion**

For the foregoing reasons, Defendants Chandler Flowers and Randy Farrah's Motions to Dismiss (Docs. 42 and 49) are **GRANTED in part**.

**IT IS HEREBY ORDERED** that:

1.  Plaintiff's claim in Count I for failure to protect is **DISMISSED with prejudice** on qualified immunity grounds;

2.  Plaintiff's claim in Count II asserting negligence is **DISMISSED without prejudice**; and,

3.  Judgment shall enter by separate docket entry.


*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of May, 2023